IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BOBBY WALKER, JR.**                                                                                          **PLAINTIFF**

**v.**                                                                            **CAUSE NO. 1:23-cv-00015-LG-BWR**

**ROBERT P. KREBS, et al.**                                                                            **DEFENDANTS**

## ORDER OF DISMISSAL

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. *Pro se* Plaintiff Bobby Walker, Jr., is an inmate of the Mississippi Department of Corrections currently housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. (Compl. at 2, ECF No. 1). He brings this Complaint under 42 U.S.C. § 1983 against Robert P. Krebs, Angel Myers McIlrath, Justin Michael Lovorn, and Jane Doe. (*Id.* at 2-3). Walker is proceeding *in forma pauperis*. (Order, ECF No. 8). For the reasons set forth below, the Court finds that this case should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## I. BACKGROUND

Walker is a convicted and sentenced state prisoner, (Compl. at 4, ECF No. 1), currently incarcerated for sexual battery and unlawful touching of a child, *see* Inmate Details, https://www.ms.gov/mdoc/inmate/Search/GetDetails/237257 (last accessed Feb. 19, 2024).[1] Walker was awaiting trial in the Jackson County Circuit

---

[1] The Court "may take judicial notice of matters of public record." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

Court when the events giving rise to this lawsuit occurred. (Compl. at 13, ECF No. 1).

    A. <u>Factual Allegations</u>

Walker avers that Assistant District Attorney Lovorn, the lead prosecutor in his pending criminal case, "went out of his way to . . . impose[] the most stringent conditions of release for a pretrial detainee." (*Id*. at 14). On March 2, 2020, Defendant Doe, an "unidentified witness," allegedly contacted Lovorn to report that Walker "was drinking with an underage female" the day before, in violation of his "bond conditions." (*Id*. at 13). Lovorn used this allegation "to seek revocation of [Walker's] bond," (*id*.), despite it being "mere hearsay," (*id*. at 17). Circuit Court Judge Krebs then ordered that Walker submit a urine sample for analysis, which Walker failed. (*Id*. at 13). Walker was immediately taken into custody, and an order revoking his bond was entered the next day. (*Id*.)

Walker's attorney later advised him that Doe "refused to come forward" to provide "sworn testimony on the record." (*Id*.) Walker's attorney "filed approximately ten motions to reinstate bond," which were all denied because he had violated his conditions of release. (*Id*. at 13-14). Walker's attorney also requested "emergency relief due to COVID-19," which was also denied for the same reason. (*Id*. at 13.)

Walker complains that he was detained "for approximately two years in a maximum security facility" for violating the conditions of his pretrial release, (*id*. at 14), though he did not commit any new criminal offense, (*id*. at 17). Specifically, he

complains that his "bond was revoked for the alleged violation of consuming alcohol which is not a crime." (*Id.* at 16). Walker was finally sentenced on February 10, 2022, to a twenty-year term of incarceration, with ten years suspended and ten years to serve. (*Id.*) He believes that his sentence was miscalculated "to cover up the fact that [he] had spent approximately two years unlawfully detained without any charge against [him] in violation of bond." (*Id.*)

Walker avers that Doe made herself "an agent of the State" by conspiring with the prosecutors to "deprive [him] of liberty." (*Id.* at 12). He accuses Lovorn of using his "tactical advantage [as] prosecutor" to commit an illegal search and seizure by obtaining a urine sample without a "warrant . . . [or] [the] complaint of [a] . . . witness under oath." (*Id.* at 14, 16). He also accuses Lovorn of false arrest, unlawful detention, malicious prosecution, and intentional infliction of emotional distress. (*Id.* at 13-14). Walker claims that District Attorney McIlrath failed to supervise her subordinate and to protect him from Lovorn's misconduct. (*Id.* at 14-15). He also blames McIlrath for conspiring with others to interfere with his civil rights and for using her "position of authority" to mislead the court on the issue of Walker's "alleged alcohol problems." (*Id.* at 15). Finally, Walker accuses Judge Krebs of committing an illegal search and seizure, perpetrating a false arrest and unlawful detention, and conspiring to interfere with his civil rights. (*Id.* at 15-16).

Walker avers that he suffered physical and emotional injuries as a result of his pretrial detention, along with a loss of financial stability. (*Id.* at 17). He seeks

3

compensatory and punitive damages and "for the officers of the court [named as Defendants] to be sanctioned." (*Id.* at 18).

B. Procedural History

Walker filed a lawsuit on November 4, 2020, against the State of Mississippi, McIlrath, Lovorn, and Judge Krebs. *Walker v. Mississippi, et al.*, No. 1:20-cv-00338-TBM-RPM (S.D. Miss. Nov. 4, 2020) (Compl., ECF No. 1). At that time, Walker was a pretrial detainee housed at the Jackson County Adult Detention Center. *Walker*, No. 1:20-cv-00338-TBM-RPM (Compl. at 4-5, ECF No. 1). He recounted the same factual scenario raised here—*i.e.*, that Lovorn requested a revocation of his bond based on "the hearsay of an unidentified witness," that Judge Krebs revoked his bond based on a urinalysis that was "positive for alcohol," and that subsequent requests for reinstatement of bond were denied. (*Id.* at 15-16.) Walker asked the Court to reinstate his bond "without the conditions of a convicted felon or prisoner." (*Id.* at 5).

On April 21, 2021, Walker's earlier lawsuit was dismissed with prejudice as frivolous based in part on prosecutorial and judicial immunity. *Walker*, No. 1:20-cv-00338-TBM-RPM (Order, ECF No. 21). The Fifth Circuit Court of Appeals affirmed the judgment of dismissal. *Walker v. Mississippi, et al.*, No. 21-60442 (5th Cir. Oct. 6, 2021).

Walker filed this lawsuit on January 23, 2023, (Compl., ECF No.1), acknowledging the earlier-filed lawsuit, (*id.* at 14, 16). Specifically, Walker avers

4

that Judge Krebs "got upset" in court when he learned of the "allegations against the district attorney Angel McIlrath, prosecutor Justin Lovorn, and himself in [Walker's] previous lawsuit against them." (*Id.*)

## II. DISCUSSION

### A. The Prison Litigation Reform Act

Because Walker is proceeding *in forma pauperis*, (Order, ECF No. 8), his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2). The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim *sua sponte*." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (emphasis added). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the plaintiff "has already pleaded his 'best case,'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the action *sua sponte*.

### B. Analysis

Having conducted the required screening, the Court concludes that most of

5

Walker's claims (with one exception described below) must be dismissed with prejudice as malicious.  "If a pauper seeks to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff, then dismissal of the ensuant action is warranted."  *Walker v. Jackson*, No. 5:08-cv-00221-DCB-MTP, 2008 WL 2779446, at *1 (S.D. Miss. July 14, 2008) (citing *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989)).  Put differently, a case may be dismissed as malicious if it "aris[es] from the same series of events and alleg[es] many of the same facts as an earlier suit."  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *see also McGee v. Acevedo*, 849 F. App'x 133, 134 (5th Cir. 2021) ("A prisoner's civil rights action is subject to dismissal as malicious if it repeats virtually identical claims based on a common series of occurrences.").  The dismissal of malicious lawsuits "count[s] as . . . strikes under 28 U.S.C. § 1915(g)." [2] *Bazemore v. Abbott*, 423 F. App'x 398, 399 (5th Cir. 2011).

      The claims asserted in this case and the claims asserted in Walker's prior lawsuit are substantively identical and arise from the same series of events.  Both Complaints reiterate a common theme—that Walker was illegally denied pretrial release based on unreliable evidence that he violated the conditions of his bond.  It

---

[2] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

makes no difference that Doe was not a party to the prior action.  *See Ferguson v. Balius*, No.1:05-cv-00321-LG-RHW, 2006 WL 8463209, at *2 (S.D. Miss. Jan. 11, 2006) (dismissing a lawsuit as malicious even though the list of named defendants was not identical between the pending and prior cases).  Nor does it matter that Walker specifically names legal theories in this case that were not articulated in his prior action.  *See id.*

Walker has "abused the litigation process by filing duplicative suits, with the resulting effect of burdening the Court's already heavy caseload and obstructing the application of justice in more meritorious cases."  *Brown v. Byrd*, No. 1:15-cv-00105-HSO-JCG, 2016 WL 11476944, at *4 (S.D. Miss. June 22, 2016) (quotation omitted), *report and recommendation adopted by*, 2016 WL 4030342, at *3 (S.D. Miss. July 27, 2016).  Walker is entitled to "one bite at the litigation apple—but not more."  *See Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).  Most of the allegations raised in this Complaint duplicate the allegations raised in his earlier lawsuit, except the allegation that his sentence was miscalculated.  (Compl. at 16, ECF No. 1.)  With that exception, Walker's claims should be dismissed with prejudice as malicious.

Walker's remaining claim—that his sentence was miscalculated—is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  A § 1983 claim that challenges the fact or duration of a state sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis omitted).

In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87.  "This requirement or limitation has become known as the favorable termination rule." *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quotation omitted).

Success on Walker's claim that Judge Krebs intentionally miscalculated the length of his sentence obviously "challenges . . . the duration of his . . . sentence" and "is barred by *Heck* because success on that claim would necessarily invalidate the duration of his incarceration." *Colvin v. LeBlanc*, 2 F.4th 494, 499 (5th Cir. 2021); *see also Kindrex v. City of Jackson*, No. 3:12-cv-00704-DPJ-FKB, 2013 WL 1305625, at *2 (S.D. Miss. Mar. 28, 2013) (finding a § 1983 claim "challeng[ing] the length of [a] sentence" was *Heck*-barred).  And Walker admits that his sentence has not declared invalid or otherwise called into question.  (Resp. at 2, ECF No. 11.)  In fact, Walker's Petition for Writ of Habeas Corpus—based on the allegations raised herein—was dismissed by this Court on March 9, 2021.  *See Walker v. Mississippi*, No. 1:21-cv-00026-LG-JCG (S.D. Miss. Mar. 9, 2021) (Order, ECF No. 14).  Thus, Walker's remaining claim is barred by *Heck* and must be dismissed as frivolous and for failure to state a claim.  *Jones v. McMillin*, No. 3:12-cv-00865-CWR-FKB, 2013 WL 1633336, at *2 (S.D. Miss. Apr. 16, 2013) (dismissing *Heck*-barred claims "as legally frivolous and for failure to state a claim").

III. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE**.  Plaintiff Bobby Walker, Jr.'s claims, except his claim that Judge Robert P. Krebs miscalculated the length of his sentence, are malicious under 28 U.S.C. § 1915(e)(2)(B)(i).  Walker's remaining claim about the length of his sentence is barred by *Heck v. Humphrey* and is both frivolous and fails to state a claim under § 1915(e)(2)(B)(i)-(ii).  The dismissal of his *Heck*-barred claim is effective until the *Heck* conditions are met.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (directing that *Heck*-barred claims should be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

**IT IS FURTHER ORDERED AND ADJUDGED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g).  Walker is advised that, if he receives three strikes, "he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury."  *Garcia v. Glenn*, 839 F. App'x 927, 928 (5th Cir. 2021) (citing 28 U.S.C. § 1915(g)).  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 20th day of February, 2024.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

9